## Preece v. Preece.

(Decided May 18, 1920.)

### Appeal from Martin Circuit Court.

Divorce—Alimony—Cruel and Inhuman Treatment—Evidence—Sufficiency.—Where the wife's evidence showed that her husband utterly neglected her and her child, that he boasted to her of his conquests of other women, that he falsely accused her of having illicit relations with other men, that he abused, threatened and struck her, and was also guilty of many other acts of cruelty, she was entitled to a divorce and alimony.

M. C. KIRK, J. B. CLARK and A. J. KIRK for appellant

JAS. FINLEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Mattie Preece brought suit against her husband, W. H. Preece, for divorce and alimony, and for the maintenance of their infant child. The grounds relied on were abandonment for one year, and such cruel and inhuman treatment for not less than six months as indicated a settled aversion to her. The defendant filed an answer and counterclaim denying the allegations of the petition, and asked for a divorce on the ground that plaintiff had been guilty of such lewd and lascivious conduct as showed her to be unchaste. A divorce was granted, but the judgment does not show whether it was on the petition of plaintiff, or the answer and counterclaim of the defendant. Alimony was denied, but the defendant was required to pay plaintiff the sum of $30.00 for the support of the child. Plaintiff's attorneys were allowed a fee of $50.00, which was taxed as costs against the defendant. Contending that alimony was improperly denied, and that the fee allowed her attorneys was not commensurate with the work which they performed, plaintiff appeals.

A careful consideration of the evidence, which we deem it unnecessary to set out at length, convinces us

that the charge of lewd and lascivious behavior on the part of plaintiff was not sustained, and that the separation was not due to the fault of plaintiff. On the other hand, the evidence shows that the defendant neglected his wife and child in every way, that he boasted to her of his conquests of other women, that on several occasions he falsely charged her with having illicit relations with other men, that he abused, threatened and struck her, and was also guilty of many other acts of cruelty. Upon this evidence plaintiff was entitled to a divorce and alimony in the sum of $500.00, Rogers v. Rogers, 13 Ky. L. Rep. 526, 17 S. W. 573; Barlow v. Barlow, 28 Ky. L. Rep. 664, 90 S. W. 216, though a larger allowance should have been made had the defendant's financial condition permitted it.

We also conclude that the allowance of only $30.00 for the support of the child was wholly insufficient. The defendant should have been required to pay plaintiff the sum of $15.00 a month for that purpose.

We are further of the opinion that the fee allowed plaintiff's attorneys was too small. Considering the character, extent and result of their labors, a fee of $100.00 instead of $50.00 should have been allowed.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.